IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD A. DUNSMORE, #06526120, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:21-cv-544-X-BN |
| CHRISTINE KENYON, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Richard A. Dunsmore

was convicted of sexual assault and attempted sexual assault and
sentenced to 7 years in TDCJ, and [his conviction was] affirmed [on
appeal]. *See Dunsmore v. State*, No. 01-10-00981-CR, 2012 WL 1249418
(Tex. App. – Houston [1st Dist.] Apr. 12, 2012, pet. ref'd). Six months
before his scheduled release date, the State petitioned to have him civilly
committed under the Sexually Violent Predator statute. *See* TEX.
HEALTH & SAFETY CODE § 841.003. After a jury trial, he was adjudicated
a sexually violent predator. The statute provides for appeal from an
order determining status as a sexually violent predator, [ ] Dunsmore
appealed that order[, and its was affirmed]. *See In re Commitment of
Dunsmore*, 562 S.W.3d 732, 736 (Tex. App. – Houston [1st Dist.] 2018,
no pet.)….

*Commitment of Dunsmore*, No. 1-18-00183-CV, 2019 WL 2180446, at *1 (Tex. App. –

Houston [1st Dist.] May 21, 2019) (per curiam).

Dunsmore appears to bring this *pro se* civil lawsuit broadly attacking the

constitutionality of his civil commitment. But he has only sued the psychologist who

authored an expert report in support of his civil commitment, alleging that her report

was "flawed" and requesting monetary damages and injunctive relief (including

"some methodology to be peacefully removed from the State of Texas"). *E.g.*, Dkt. No. 3 at 23 ("Dr. Kenyon has made too many factual errors which she utilized to make prejudicial findings against me. If her data and information are this flawed, that certainly says something about the integrity of the score she gave me, to assess risk and, in my opinion, unscientific assessments. The report is flawed and under any industry standard not acceptable for presentation … to the commitment court, in determining if I have to remain in the State of Texas, for an additional hellish 2 more years." (cleaned up)); *see also id.* at 22 ("What Dr. Christine Kenyon does is figure out a way to please [Texas Civil Commitment Office] by using bizarre and scientifically unproven methodologies to keep men, like the plaintiff unnecessarily confined at the [Texas Civil Commitment Center]." (cleaned up)).

United States District Judge Brantley Starr referred Dunsmore's current lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will, through separate order, grant Dunsmore leave to proceed *in forma pauperis* (IFP).[1] And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court dismiss this lawsuit to the extent explained below.

A district court is required to screen a civil action filed IFP and may summarily

---

[1] *Cf. Stewart v. Texas*, 648 F. App'x 478, 479 (5th Cir. 2016) (per curiam) ("[A]n individual under a civil commitment pursuant to the [Texas Civil Commitment of Sexually Violent Predators] Act … does not qualify as a prisoner under the [Prison Litigation Reform Act]." (citing 28 U.S.C. § 1915(h); 28 U.S.C. § 1915A(c); *Bohannan v. Doe*, 527 F. App'x 283, 289-90 (5th Cir. 2013) (per curiam))).

dismiss that action, or any portion of the action, if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

First, although the United States Court of Appeals for the Fifth Circuit has yet to so hold, the favorable determination rule established by *Heck v. Humphrey*, 512 U.S. 477 (1994) – applicable to criminal convictions – appears equally applicable to bar civil claims based on "factual allegations [that] are necessarily inconsistent with the validity of [a civil commitment order]" that the plaintiff fails to show has been reversed on direct appeal or otherwise declared invalid. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see Heck*, 512 U.S. at 486-87; *see also Allen v. Seiler*, No. 4:12-cv-414-Y, 2013 WL 357614, at *2 (N.D. Tex. Jan. 30, 2013) ("The *Heck* opinion involved a bar to claims for monetary damages, but a dismissal of a claim for injunctive and/or declaratory relief may also be made pursuant to *Heck*. Even though the sexually-violent-predator (SVP) commitment order complained of by Allen is civil in nature, rather than criminal, federal courts that have considered § 1983 claims challenging such proceedings have ruled that *Heck v. Humphrey* applies to bar such claims." (collecting cases; footnotes omitted)); *Smith v. Hood*, 900 F.3d 180, 185 (5th Cir. 2018) ("This circuit has thus far applied the *Heck* doctrine only to claims that implicate criminal convictions or sentences. In Smith's case, however, the district court concluded that there was 'no reason not to' apply *Heck* to the civil commitment context, citing other courts that have done so. *See Huftile v. Miccio-Fonseca*, 410 F.3d

1136 (9th Cir. 2005); *Henderson v. Bryant*, 606 F. App'x 301, 304 (7th Cir. 2015); *see also Allen v. Seiler*, No. 4:12-CV-414-Y, 2013 WL 357614, at *3 n.14 (N.D. Tex. Jan. 30, 2013) (collecting cases); MARTIN A. SCHWARTZ, SEC. 1983 LITIG. CLAIMS & DEFENSES § 10.07 (4th ed. 2017). In *Huftile*, the Ninth Circuit reasoned that *Heck* is equally applicable to people who are civilly committed because, as with a criminal sentence, the appropriate avenue to challenge the validity of civil confinement is through a habeas petition, not § 1983. *Huftile*, 410 F.3d at 1139-40. Because *Heck*'s holding was based at least in part on "prevent[ing] a person in custody from using § 1983 to circumvent the more stringent requirements for habeas corpus," the Ninth Circuit held that *Heck*'s reasoning therefore applies to the civil commitment context as well. *Id.* at 1139. Though we note that the Ninth Circuit's and other courts' reasoning on this issue is persuasive, whether *Heck* extends to civil commitments is still a res nova question in this circuit.").

*Heck* should therefore bar any constitutional claims by Dunsmore against Kenyon, as his attacks on the validity of her report or her expert opinion are necessarily inconsistent with his valid civil commitment.

And, "[r]egardless of whether *Heck* applies to civil commitment, [Dunsmore] must still 'assert [a] coherent legal theory, either in his briefs or in his complaint [ ], explaining how [Kenyon's] actions violated his federal rights.' [Dunsmore] has not asserted a coherent legal theory." *Black v. Turner*, 779 F. App'x 231, 233 (5th Cir. 2019) (per curiam) (quoting *Smith*, 900 F.3d at 186). Similar to Black, Dunsmore has not plausibly alleged how Kenyon's expert opinion violated his constitutional rights.

- 4 -

*See id.* at 234 ("Here, Black has alleged – in the complaint and the proposed amendment – that Turner negligently included incorrect facts in his expert report. Even if we take as true that Turner's report contained inaccuracies, Black received due process. Black had the opportunity to contest those inaccuracies at the civil confinement trial, review the report, and offer evidence to rebut those facts. *See* TEX. HEALTH & SAFETY CODE § 841.061(d). Black does not allege any deficiency in the trial or a lack of opportunity to present his own evidence.").

But, as the record in *Black* reflects, "[o]rdinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)).

So the Court should dismiss Dunsmore's claims against Kenyon without prejudice to his ability to file an amended complaint.

## Recommendation

The Court should dismiss this action without prejudice to Plaintiff Richard A. Dunsmore's filing within a reasonable time, to be set by the Court, an amended complaint that cures, where possible, the deficiencies outlined above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 11, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE