IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD A. DUNSMORE, #06526120, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:21-cv-544-G-BN |
| CHRISTINE KENYON, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Richard A. Dunsmore, an adjudicated sexually violent predator, has filed this *pro se* action broadly attacking the constitutionality of his civil commitment but has only sued the psychologist who authored an expert report in support of his civil commitment, alleging that her report was "flawed" and requesting monetary damages and injunctive relief (including "some methodology to be peacefully removed from the State of Texas"). *E.g.*, Dkt. No. 3 at 23.

Senior United States District Judge A. Joe Fish has now referred Dunsmore's current lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

On March 11, 2021, the Court granted Dunsmore leave to proceed *in forma pauperis*, *see* Dkt. No. 5,[1] and the undersigned entered findings of fact and conclusions

---

[1] *Cf. Stewart v. Texas*, 648 F. App'x 478, 479 (5th Cir. 2016) (per curiam) ("[A]n individual under a civil commitment pursuant to the [Texas Civil Commitment of Sexually Violent Predators] Act … does not qualify as a prisoner

of law recommending that, while Dunsmore's claims appear to be currently barred by the favorable determination rule established by *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court should dismiss his claims without prejudice to his filing within a reasonable time, to be set by the Court, an amended complaint that cures, where possible, the deficiencies outlined [Dkt. No. 6] (the Initial FCR).

Dunsmore responded by notifying the Court of his intent to file an amended complaint, *see* Dkt. No. 7, objecting to the Initial FCR, *see* Dkt. No. 8, and, now, moving for a temporary restraining order (a TRO), *see* Dkt. No. 9.

As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (citations and internal quotation marks omitted). But granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

Dunsmore must therefore unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the

---

under the [Prison Litigation Reform Act]." (citing 28 U.S.C. § 1915(h); 28 U.S.C. § 1915A(c); *Bohannan v. Doe*, 527 F. App'x 283, 289-90 (5th Cir. 2013) (per curiam))).

preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

But he cannot, at a minimum, make the initial showing insofar as his claims are currently barred by *Heck* (for the reasons explained in the Initial FCR). *See, e.g.*, *Russie v. Davis*, No. 2:17-cv-225-D, 2018 WL 3803856, at \*2 (N.D. Tex. July 12, 2018) ("Russie's claim for injunctive relief fails as a matter of law because he cannot show a substantial likelihood of success on the merits of his underlying claims regarding his disciplinary charges…. [C]hallenges to these disciplinary cases and their resultant punishments are barred by *Heck*." (citation omitted)), *rec. adopted*, 2018 WL 3769825 (N.D. Tex. Aug. 9, 2018); *cf. Carbajal v. Warner*, 561 F. App'x 759, 762-63 (10th Cir. 2014) ("[T]o the extent Mr. Carbajal is seeking to be released from state confinement in this § 1983 action, he has no likelihood of success on the merits because his claim is barred by the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). Accordingly, the district court did not abuse its discretion in denying a preliminary injunction." (citations and footnote omitted)).

The Court should therefore deny Dunsmore's request for a TRO.

## Recommendation

The Court should deny Plaintiff Richard A. Dunsmore's motion for a temporary restraining order [Dkt. No. 9].

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 31, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE