IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD A. DUNSMORE, #06526120, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:21-cv-544-G-BN |
| CHRISTINE KENYON, | § § § | |
| Defendant. | § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Richard A. Dunsmore, an adjudicated sexually violent predator, has filed this *pro se* action broadly attacking the constitutionality of his civil commitment but has only sued Defendant Christine Kenyon, the psychologist who authored an expert report in support of his civil commitment, alleging that her report was "flawed" and requesting monetary damages and injunctive relief (including "some methodology to be peacefully removed from the State of Texas"). *E.g.*, Dkt. No. 3 at 23.

Senior United States District Judge A. Joe Fish has now referred Dunsmore's current lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

On March 11, 2021, the Court granted Dunsmore leave to proceed *in forma pauperis*, *see* Dkt. No. 5,[1] and the undersigned entered findings of fact and conclusions

---

[1] *Cf. Stewart v. Texas*, 648 F. App'x 478, 479 (5th Cir. 2016) (per curiam) ("[A]n individual under a civil commitment pursuant to the [Texas Civil

of law recommending that, while Dunsmore's claims appear to be currently barred by the favorable determination rule established by *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court should dismiss his claims without prejudice to his filing within a reasonable time, to be set by the Court, an amended complaint that cures, where possible, the deficiencies outlined [Dkt. No. 6] (the Initial FCR).

Dunsmore responded by notifying the Court of his intent to file an amended complaint, *see* Dkt. No. 7, objecting to the Initial FCR, *see* Dkt. No. 8, and moving for a temporary restraining order (a TRO), *see* Dkt. No. 9. The undersigned has recommended that the Court should deny the request for a TRO because Dunsmore has not shown a substantial likelihood that he will prevail on his *Heck*-barred or otherwise unmeritorious claims. *See* Dkt. No. 11. Dunsmore has now filed an amended complaint. *See* Dkt. No. 12.

His amended complaint should be dismissed for the reasons supporting the dismissal of his initial complaint. Dunsmore's amended claims against Dr. Kenyon are just thinly veiled attacks on his underlying civil commitment, *see generally id.*, a civil commitment that has not been declared invalid. And he otherwise has not plausibly alleged how Kenyon's expert opinion violated his constitutional rights.

As explained in the Initial FCR,

> although the United States Court of Appeals for the Fifth Circuit has yet to so hold, the favorable determination rule established by *Heck v. Humphrey*, 512 U.S. 477 (1994) – applicable to criminal convictions – appears equally applicable to bar civil claims based on "factual

---

Commitment of Sexually Violent Predators] Act … does not qualify as a prisoner under the [Prison Litigation Reform Act]." (citing 28 U.S.C. § 1915(h); 28 U.S.C. § 1915A(c); *Bohannan v. Doe*, 527 F. App'x 283, 289-90 (5th Cir. 2013) (per curiam))).

allegations [that] are necessarily inconsistent with the validity of [a civil commitment order]" that the plaintiff fails to show has been reversed on direct appeal or otherwise declared invalid. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see Heck*, 512 U.S. at 486-87; *see also Allen v. Seiler*, No. 4:12-cv-414-Y, 2013 WL 357614, at *2 (N.D. Tex. Jan. 30, 2013) ("The *Heck* opinion involved a bar to claims for monetary damages, but a dismissal of a claim for injunctive and/or declaratory relief may also be made pursuant to *Heck*. Even though the sexually-violent-predator (SVP) commitment order complained of by Allen is civil in nature, rather than criminal, federal courts that have considered § 1983 claims challenging such proceedings have ruled that *Heck v. Humphrey* applies to bar such claims." (collecting cases; footnotes omitted)); *Smith v. Hood*, 900 F.3d 180, 185 (5th Cir. 2018) ("This circuit has thus far applied the *Heck* doctrine only to claims that implicate criminal convictions or sentences. In Smith's case, however, the district court concluded that there was 'no reason not to' apply *Heck* to the civil commitment context, citing other courts that have done so. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136 (9th Cir. 2005); *Henderson v. Bryant*, 606 F. App'x 301, 304 (7th Cir. 2015); *see also Allen v. Seiler*, No. 4:12-CV-414-Y, 2013 WL 357614, at *3 n.14 (N.D. Tex. Jan. 30, 2013) (collecting cases); MARTIN A. SCHWARTZ, SEC. 1983 LITIG. CLAIMS & DEFENSES § 10.07 (4th ed. 2017). In *Huftile*, the Ninth Circuit reasoned that *Heck* is equally applicable to people who are civilly committed because, as with a criminal sentence, the appropriate avenue to challenge the validity of civil confinement is through a habeas petition, not § 1983. *Huftile*, 410 F.3d at 1139-40. Because *Heck*'s holding was based at least in part on "prevent[ing] a person in custody from using § 1983 to circumvent the more stringent requirements for habeas corpus," the Ninth Circuit held that *Heck*'s reasoning therefore applies to the civil commitment context as well. *Id.* at 1139. Though we note that the Ninth Circuit's and other courts' reasoning on this issue is persuasive, whether *Heck* extends to civil commitments is still a res nova question in this circuit.").

*Heck* should therefore bar any constitutional claims by Dunsmore against Kenyon, as his attacks on the validity of her report or her expert opinion are necessarily inconsistent with his valid civil commitment.

And, "[r]egardless of whether *Heck* applies to civil commitment, [Dunsmore] must still 'assert [a] coherent legal theory, either in his briefs or in his complaint [ ], explaining how [Kenyon's] actions violated his federal rights.' [Dunsmore] has not asserted a coherent legal theory." *Black v. Turner*, 779 F. App'x 231, 233 (5th Cir. 2019) (per curiam) (quoting *Smith*, 900 F.3d at 186). Similar to Black, Dunsmore has not plausibly alleged how Kenyon's expert opinion violated his constitutional rights. *See id.* at 234 ("Here, Black has alleged – in the

complaint and the proposed amendment – that Turner negligently included incorrect facts in his expert report. Even if we take as true that Turner's report contained inaccuracies, Black received due process. Black had the opportunity to contest those inaccuracies at the civil confinement trial, review the report, and offer evidence to rebut those facts. *See* TEX. HEALTH & SAFETY CODE § 841.061(d). Black does not allege any deficiency in the trial or a lack of opportunity to present his own evidence.").

Dkt. No. 6 at 3-5.

The Court should therefore dismiss Dunsmore's case as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)).

## Recommendation

The Court should dismiss Plaintiff Richard A. Dunsmore's complaint with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 7, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE